Taliaferro, J.
The plaintiffs having, as they allege, caused to be •erected on the division line between their property and that of the *200 defendant a substantial and costly brick wall, which the defendant is-now using, and thereby making it a wall in common, and therefore bound to pay the plaintiffs one-half the expense of erecting it, which they set out to be the sum of $760 50, the defendant filed an exception alleging that he is not the sole owner of the property stated to-belong to him; that his coproprietor is the succession of John Lefebre, and until his coproprietor is made a party he is not bound to answer. After this exception was filed in August, 1869, the share of Lefebre, the defendant, in the property, and also the portion of it that belonged to the estate of John Lefebre, were both acquired by H. S. Buckner, who was thereupon made a party defendant, and judgment prayed for by the plaintiff's against him as owner in possession and using the wall as a wall in common. Buckner excepted that he can not be made a party defendant to the suit in the form in which it is attempted. The court sustained the exception and dismissed the suit as to Buckner. The plaintiffs have appealed.
The defendant contends that as between the plaintiff's and Buckner-there is no priority of contract or engagement, and no quasi contract from which liability might result. That he derived no benefit from the disbursements made by the plaintiffs, for the price paid by him included the value of the new wall as it stood at the date of the sale. The benefit, if any, was conferred upon his predecessor in the title. It is-urged also that Buckner had no notice of the plaintiffs’ claim; that this claim or demand of the plaintiff was not recorded, and third parties ought not thereby to suffer. The plaintiffs hold that Buckner’s vendors, not having contributed to the building of the wall, had no-interest in it, and that they could convey no greater interest or right than they had. The plaintiffs say no law requires them to record their-claim; that the wall being a two or three-story wall is not presumed by law to be a wall in common (Civil Code, article 677;) that Buckner-having purchased after plaintiffs instituted suit, had notice of their-claim; that he had no right to suppose the wall was a wall in common, and was bound to inquire of his vendors whether they owned one-half of the wall.
We are inclined to adopt for the most part the reasoning of the plaintiffs. Buckner bought only what his vendors could sell. Not having paid one-half the cost of erecting the wall, they did not own half of it, and could not sell half of it. Buckner’s ignorance of the want off title to one-half the wall in his vendors should not prejudice the plaintiffs, if it operate a hardship on him. His becoming owner of all. the premises owned by his vendors conferred no immunity upon him to use the wall as a wall in common free of charge. He acquired by his purchase only the right which his vendors had to make the wall *201 one in common by paying half the cost of erection. Availing himself» as it seems he has done, of the benefit of the wall, it is but fair he should pay for one-half the expense incurred in building it.
The case before us seems closely in point with that of Winter v. Reynolds, 24 An. 113. There the court said: “The defendant uses the party wall and neither he nor any one else has paid the plaintiff the half of its cost. It would seem that he is liable.” 20 An. 553; 22 An. 114. With these views we think the exception should be overruled and the case remanded for further proceedings.
It is therefore ordered that the exception taken by defendant to the plaintiffs’ right to sue be overruled and set aside. And it is further ordered that this case be remanded to the lower court to be proceeded with according to law, the defendant and appellee paying costs of this appeal.